**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 25-cv-0769-WJM-KAS

JIMMY LEE GARCIA,

      Plaintiff,

v.

CITY OF MONTE VISTA, COLORADO, *et al.,*

      Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Before the Court is Plaintiff Jimmy Lee Garcia's Motion for Reconsideration of the

Court's Order [ECF #100] Dismissing with Prejudice Plaintiff's *Monell* Failure to Train,

Supervise, and Discipline Theory (the "Motion").  (ECF No. 102.)  Defendants City of

Monte Vista, Colorado (the "City"); John Rosecrans; and Michael Martinez (collectively,

the "Defendants") filed a response (ECF No. 107),[1] to which Garcia filed a reply (ECF

No. 108).

For the reasons set forth below, the Motion is granted.

### I.    LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not directly provide for a motion to

reconsider an interlocutory ruling, district courts have broad discretion to reconsider

their interlocutory rulings before the entry of judgment."  *Mantooth v. Bavaria Inn Rest.,*

---

[1] Garcia's D.C.COLO.LCivR 7.1(a) conferral statement indicates that the remaining named Defendants "take no position" on the Motion.  (ECF No. 102 at 1 n.1.)

*Inc.,* 360 F. Supp. 3d 1164, 1168–69 (D. Colo. 2019); *see also Rimbert v. Eli Lilly & Co.,* 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."). "Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Mantooth,* 360 F. Supp. 3d at 1169 (citing *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1024 (10th Cir. 2018)).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider is not at the disposal of parties who want to rehash old arguments." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.,* 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (citation omitted). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citation omitted). "Even under this lower standard, a motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Mantooth,* 360 F. Supp. 3d at 1169 (citation omitted, alterations incorporated); *see also Sanchez v. Hartley,* 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice"). "The Court may be guided by Rules 59 and 60 standards in

2

deciding whether to alter or vacate an interlocutory order." *Mantooth,* 360 F. Supp. 3d at 1169.

## II. ANALYSIS

In its May 29, 2026 Order on Defendants' Motion to Dismiss ("Dismissal Order"), the Court dismissed with prejudice Garcia's *Monell* claim against the City to the extent it is based on an alleged failure to train or supervise, after finding that he had abandoned that theory by failing to address it in his response to the City's motion to dismiss. (ECF No. 100 at 27–28, 55.) Garcia now asks the Court to reconsider this discrete portion of the Dismissal Order and "vacate the dismissal with prejudice of his *Monell* failure to train, supervise, and discipline theory; dismiss that theory without prejudice instead; and grant him leave to replead the failure to train, supervise, and discipline theory in the final amended complaint currently due June 30, 2026." (ECF No. 102 at 1, 11.) As the Court reads the Motion, Garcia's arguments in favor of reconsideration are threefold.

First, Garcia argues the Court erred in dismissing the failure to train theory of his *Monell* claim with prejudice in the first instance. (*Id.* at 9–10.) He points out that the Court dismissed without prejudice three *Monell* theories it found inadequately pleaded, while "[o]nly the failure to train, supervise, and discipline theory was singled out for a with-prejudice dismissal." (*Id.* at 10.) Garcia urges that "[c]orrecting this inconsistency is exactly what reconsideration is meant to do." (*Id.*)

The Court strongly disagrees with Garcia's characterization of the dismissal of his failure to train theory with prejudice as an "inconsistency." As noted above, the Court dismissed Garcia's failure to train theory with prejudice *only* because—as far as the Court could discern from his briefing—he had wholly failed to defend such a theory

in response to the City's motion to dismiss.[2]  Indeed, Garcia's "[c]ounsel candidly

acknowledges that the theory was not fulsomely briefed given that, at the time, Plaintiff

did not have strong allegations that a failure to train, supervise, and discipline by Monte

Vista caused the violation of Plaintiff's constitutional rights."  (ECF No. 102 at 3 n.2.)

Moreover, while Garcia cites caselaw supporting that a claim should be

dismissed with leave to replead "[i]f it is at all possible that the party against whom the

dismissal is directed can correct the defect in the pleading or state a claim for relief,"

defective pleading was *not* the basis for the dismissal here.  *Reynoldson v. Shillinger,*

907 F.2d 124, 125 (10th Cir. 1990) (alteration incorporated) (citation omitted).  And

Garcia cites no caselaw discussing whether a claim deemed abandoned at the Rule 12

stage should be dismissed with or without prejudice.  Based on the Court's research,

courts in this Circuit have handled that issue differently.  *Compare, e.g., Schone v.

Sodexo, Inc.,* 2022 WL 974641, at *1 (D. Colo. Mar. 31, 2022) (clarifying that "the claims

that were deemed abandoned were dismiss *with prejudice*") (emphasis added), *with

Randall v. Newrez LLC,* 2026 WL 1613717, at *2 (D. Utah May 19, 2026) (dismissing

abandoned claim without prejudice).  The Court thus remains unpersuaded that

reconsideration is necessary to rectify a manifest error of law.

Nevertheless, Garcia also argues, second, that reconsideration is appropriate

because he is now able to state a meritorious *Monell* claim under a failure to train,

---

[2] Further exacerbating the issue is the fact that Garcia did not separately brief the
various theories of his *Monell* claim in his response to the City's motion to dismiss, but instead
addressed his *Monell* claim in a single, jumbled subsection that left the Court with the task of
parsing out the myriad alleged official policies upon which his municipal liability claim is based.
(ECF No. 58 at 12–15.)

supervise, and discipline theory based on newly discovered evidence.  Specifically, he explains that his counsel only recently deposed Defendants Rosecrans and Martinez in April 2026—after briefing on the City's motion to dismiss became ripe—and thereby learned facts supporting that the Monte Vista Police Department ("MVPD") did not provide training to either officer on homicide investigations, among other alleged training deficiencies.  (*Id.* at 4–9.)  Relatedly, Garcia argues, third, that reconsideration is "in the interest of justice" insofar as it would allow for the resolution of his failure to train claim "on the merits."  (ECF No. 108 at 7 (quoting *Mantooth,* 360 F. Supp. 3d at 1175)).

The Court agrees with Garcia that the new deposition testimony and this Circuit's "strong preference for resolution of claims on their merits" justifies reconsideration. *Martinez v. Martinez,* 294 F. App'x 410, 416 (10th Cir. 2008); *see also Mantooth,* 360 F. Supp. 3d at 1169.  The Monte Vista Defendants primarily oppose reconsideration on these grounds because, in their view, the deposition testimony Garcia cites does not demonstrate a failure to train, (ECF No. 107 at 5–10), and, relatedly, further amendment of Garcia's municipal liability claim on this newly developed theory would be futile, (*id.* at 12–16.)

As to the former argument, the Court declines, at this stage, to wade into the various factual disputes the City highlights in arguing that the new deposition testimony does not show a failure to train.  Such arguments go "to the weight of the evidence, not the feasibility or viability of the claim."  *Ingle v. Dryer,* 2008 WL 1744337, at *4 (D. Colo. Apr. 11, 2008).  Moreover, Defendant's futility arguments, too, appear to primarily center on their assertion that there is a dearth of facts supporting the elements of Garcia's failure to train claim.  Such arguments do not enable the Court to say "that Plaintiff's

evidence supporting h[is] proposed claim for 'failure-to-train,' as currently postured, is

legally defective or would not withstand a motion to dismiss or otherwise fail[] to state a

claim." *Id.* at *4.  As a practical matter, the Court also notes that Garcia has already

been given leave to file a further amended complaint revising his other municipal liability

allegations.  Thus, Defendants will not be required to engage in an additional round of

motion practice—and will thus suffer little prejudice—should they see a need to re-raise

the foregoing arguments regarding the factual sufficiency of Garcia's re-pleaded failure

to train theory via an appropriate Rule 12 motion.

For these reasons, the Motion is granted, the dismissal of Garcia's failure to train

theory shall be without prejudice, and he shall be granted leave to replead such theory

in his final amended complaint.  In so ordering, however, the Court expressly cautions

Garcia that he should *clearly and separately* address the various theories of his

municipal liability claim in his forthcoming amended complaint *and* any future dispositive

briefing.  Failure to do so may result in dismissal *with prejudice*.

### III.    CONCLUSION

For all the foregoing reasons, the Court ORDERS as follows:

1.    Plaintiff's Motion for Reconsideration of the Court's Order [ECF #100]

Dismissing with Prejudice Plaintiff's *Monell* Failure to Train, Supervise, and Discipline

Theory (ECF No. 102) is GRANTED;

2.    The Dismissal Order (ECF No. 100) is hereby AMENDED to reflect that

the dismissal of Plaintiff's *Monell* claim based on a failure to train, supervise, and

discipline theory is WITHOUT PREJUDICE; and

3.      Plaintiff's deadline to file a further, FINAL complaint, with amendments

limited solely to claims dismissed without prejudice, is EXTENDED to **July 10, 2026**.


Dated this 23rd day of June, 2026.


BY THE COURT:


_____
William J. Martinez
Senior United States District Judge