**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 25-cv-0769-WJM-KAS

JIMMY LEE GARCIA,

Plaintiff,

v.

CITY OF MONTE VISTA, COLORADO, *et al.,*

Defendants.

---

**ORDER MAKING ABSOLUTE ORDER TO SHOW CAUSE**
**AND IMPOSING RULE 11 SANCTION**

---

On May 29, 2026, the Court ordered counsel for Defendants Selma Eikelenbloom-Schieveld and Richard Eikelenbloom ("Defendants") to show cause why it should not sanction the Law Office of Troy D. Krenning, LLC and individual counsel Troy D. Krenning for the quotation of non-existent language from an unpublished Tenth Circuit decision in Defendants' Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6) ("Motion"), (ECF No. 80). (ECF No. 101.) Mr. Krenning timely filed a declaration under 28 U.S.C. § 1746 responding to the Court's Order ("Declaration"). (ECF No. 106.)

In the Declaration, Mr. Krenning explains that he used generative artificial intelligence ("AI") "primarily to help identify potentially relevant cases" when preparing the Motion. (*Id.* at ¶ 5.) "After locating those authorities," he then reviewed the cases personally and "maintained a draft document containing excerpts from opinions, [his] own notes, and [his] own thoughts about concepts and themes that [he] believed were

reflected in those cases." (*Id.* at ¶¶ 6–7.) Mr. Krenning submits that the quote erroneously attributed to *Miller v. Spiers,* 339 F. App'x 862 (10th Cir. 2009), came to be in the Motion because "language originating from [his] own notes and summaries ultimately appeared in the [M]otion as though it were a quotation from a case," and not because "AI generated a fictitious case or a fictitious quotation." (*Id.* at ¶ 12.)

Regardless of whether the nonexistent language was a byproduct of AI or Mr. Krenning's own summation of the case, however, he acknowledges that this error was "preventable." (*Id.* at ¶ 23.) By Mr. Krenning's account, he completed the Motion "shortly before it was due" and "transmitted it to [his] paralegal with instructions to file it" without further "proofreading or citation review." (*Id.* at ¶ 13.) He admits "that additional review almost certainly would have identified the problem before the motion was filed." (*Id.* at ¶ 14; *see also id.* at ¶ 23 ("Had I performed a final verification of the quotations and citations contained in the motion, the error would have been discovered and corrected.").)

The Court, of course, has no way of knowing whether the nonexistent quotation from *Miller* was a product of Mr. Krenning's research and drafting process or the use of AI, but it will accept his representations as true. Even so, "[t]here is no question that . . . attributing a nonexistent quotation to an existing case . . . violates Rule 11(b)." *Lexos Media IP, LLC v. Overstock.com, Inc.,* 2026 WL 265581, at *10 (D. Kan. Feb. 2, 2026); *see also Mattox v. Prod. Innovations Research, LLC,* 807 F. Supp. 3d 1341, 1345–46 (E.D. Okla. Oct. 22, 2025) (finding counsel violated Rule 11(b) by submitting pleadings citing legitimate Tenth Circuit cases that did "not contain the law quoted by . . . counsel"). More specifically, the violation here is due to Mr. Krenning's admitted failure

to verify that the cases cited in the Motion stood for the propositions for which they were being relied upon. *Cf. Lexos Media IP,* 2026 WL 265581, at *10. While the Court is unpersuaded Mr. Krenning acted with any intent to deceive, he nonetheless "displayed a reckless disregard for the obligation to ensure that what is filed in federal court is true, verified, and worthy of the public trust." *Mattox,* 807 F. Supp. 3d at 1349.

That brings the Court to the question of an appropriate sanction, which "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Considering that the infraction here involved just one erroneous citation, as well as Mr. Krenning's acceptance of responsibility, candor with his clients, and stated commitment to thoroughly reviewing the accuracy of his filings to avoid such an error in the future, the Court is of the view that monetary sanctions are too harsh a sanction in in these circumstances. The Court does, however, have continuing concerns about counsel's future reliance on AI and the need to verify the accuracy of the research generated thereby. Accordingly, as more specifically set forth below, the Court will impose a very limited sanction requiring Mr. Krenning to certify, on a going forward basis, the extent to which AI was used to prepare his filings and whether the contents were verified for accuracy before submission.

In sum, for all the foregoing reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 101) is MADE ABSOLUTE;

2. As a nonmonetary sanction for the above-described violation of Rule 11(b), the Court imposes the following requirement. In the future, *all* filings submitted by the Law Office of Troy D. Krenning, LLC and/or individual counsel Troy D. Krenning shall contain an AI Certification regarding the use, or non-use, of generative AI (such as

ChatGPT, Harvey.AI, or Google Gemini) in preparing the filing, signed by all individuals who contributed to the drafting of the filing. To the extent that generative AI was used in any drafting of the filing, each individual must certify that any language drafted by AI (even if later edited by a human) was personally reviewed by the filer or another human for accuracy and that all legal citations reference actual non-fictitious cases or cited authority. The AI Certification does not count against any page limitations. All filings remain subject to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and applicable ethical rules.

Examples of acceptable AI Certifications are provided below for illustrative purposes only:

> The undersigned counsel certifies/certify that generative artificial intelligence was not used to draft this filing.
>
> ***or***
>
> The undersigned counsel certifies/certify that generative artificial intelligence was used to draft this filing. I/we further certify that [Party] was/were advised of and consented to such use. All cited authority was manually reviewed by counsel of record.

3. Mr. Krenning is expressly warned that future infractions of this nature may subject him and/or his law firm to harsher sanctions permitted by Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority, including but not limited to monetary sanctions.

Dated this 29th day of September, 2026.

BY THE COURT:

______________________________
William J. Martínez
Senior United States District Judge